UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GRACE AMAKER,

                        Plaintiff,

   -against-                                                8:08-CV-00058
                                                                 (LEK/DRH)

CLINTON COUNTY, ANDREW J. WYLIE,
TIMOTHY G. BLATCHLEY, DAVID
HARDIN and RANDALL J. CUMM, *in
their individual and official capacities,*

                        Defendants.
_____

**MEMORANDUM-DECISION AND ORDER**

      Currently before the Court is a Motion (Dkt. No. 22), filed by Defendants Andrew J. Wylie ("D.A. Wylie"), Timothy G. Blatchley ("A.D.A. Blatchley"), and Clinton County, to dismiss the Amended Complaint (Dkt. No. 20) filed against them by Plaintiff Grace Amaker ("Amaker" or "Plaintiff"). For the reasons described below, the Motion to dismiss is granted with regards to all claims against D.A. Wylie, A.D.A. Blatchley and Clinton County.[1]

**I.    BACKGROUND**

      Plaintiff is a 68 year-old female resident of New Jersey. See Am. Compl. ¶ 4. On April 16, 2006, her son, Anthony, was serving a prison sentence at the Clinton Correctional Facility in Dannemora, New York. Id. ¶ 11. Anthony was seen by the prison staff as a vocal inmate, having

---

[1] Clinton County is not included as a Defendant in the caption of Plaintiff's Amended Complaint (Dkt. No. 20). However, the County has not to this point been dismissed, nor has the action been discontinued with regards to it. As a claim of municipal liability has been lodged against the County, and the County has responded with a Motion to dismiss (Dkt. No. 22), it remains a Defendant as originally named in Plaintiff's Complaint (Dkt. No. 1).

1

made several complaints and filed lawsuits against various corrections officers and arms of the government. Id. ¶ 14. On that day, Plaintiff made the journey from her home in New Jersey to the correctional facility in Clinton County to visit her son. Id. ¶ 13. During her visit, corrections officer David Hardin alleged that Amaker attempted to bring a "handcuff key" to Anthony, and Amaker was then arrested and charged with Promoting Prison Contraband in the Second Degree (N.Y. Penal Law § 205.20).[2] Id. ¶¶ 14-15. Plaintiff claimed to have had no such handcuff key with her when she visited Anthony; however, the Clinton County District Attorney, Andrew Wylie, and Assistant District Attorney, Timothy Blatchley, decided to prosecute Amaker following her arrest. Id. ¶¶ 5-6, 17, 22.

As a result of the arrest, Amaker was informed by the Department of Correctional Services that she would no longer be able to visit her son, as her visiting privileges had been suspended. Id. ¶ 19. Plaintiff's arraignment was scheduled for August 8, 2006. Id. ¶ 23. Plaintiff intended to plead "Not Guilty," and Defendants were aware of this. Id. On that day, before being arraigned, Amaker was, "without warning," arrested again, and charged with Promoting Prison Contraband in the First Degree (N.Y. Penal Law § 205.25). Id. ¶ 24. Wylie reduced the charge against Amaker back to the Second Degree on September 14, 2006, after she declined to accept a plea offer. Id. ¶ 25. At her jury trial on April 18, 2007, "the jury found Plaintiff 'Not Guilty' after approximately 20 minutes of deliberation." Id. ¶ 28. Plaintiff now alleges violation of her Fourth and Fourteenth Amendment rights and brings her claims pursuant to 42 U.S.C. § 1983. Id. ¶ 33.

Amaker filed her initial Complaint (Dkt. No. 1) on January 16, 2008, and subsequently filed

---

[2] Hardin is a Defendant in the action, but not among the movants in the Motion before the court.

her Amended Complaint (Dkt. No. 20) on June 5, 2008. Plaintiff asserts that she was falsely arrested, falsely imprisoned and subjected to malicious prosecution, and that the named Defendants were acting in their individual and official capacities and under color of state law when these alleged violations of Plaintiff's rights occurred. See Am. Compl. ¶¶ 31-42. Plaintiff contends that D.A. Wylie and A.D.A. Blatchley, "despite lacking probable cause to believe that the proceedings could succeed," prosecuted her for attempting to deliver a handcuff key to her imprisoned son, and that the Defendants followed through with the prosecution for the purpose of preventing her from seeing her son and helping him with his various legal efforts. See id. ¶¶ 14, 21, 38, 41. Additionally, Plaintiff alleges municipal liability on the part of Clinton County, arguing that the individual Defendants' conduct constituted deliberate indifference to her rights and an unconstitutional "custom, usage, practice, procedure or rule" of the municipality. See id. ¶¶ 43-48.

Defendants[3] subsequently filed a Motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Mot., July 14, 2008 (Dkt. No. 22). In support of their Motion, Defendants argue that (1) Plaintiff's claims against D.A. Wylie and A.D.A. Blatchley in their official capacities are technically ones against the state, and as such, are barred by the Eleventh Amendment of the U.S. Constitution; (2) D.A. Wylie and A.D.A. Blatchley are entitled to absolute immunity insofar as the claim is lodged against them in their individual capacities; and (3) Clinton County cannot be held liable under a theory of municipal liability based upon *respondeat superior,* nor can the presence of municipal policies or customs be established by inference from evidence related to the issue before the court alone.

---

[3] The non-moving Defendants, David Hardin and Randall J. Cumm, separately filed an Answer to the Amended Complaint. See Answer (Dkt. No. 21).

3

**II.     STANDARD OF REVIEW**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a district court must accept the allegations made by a plaintiff in her complaint as true, and "draw all inferences in the light most favorable" to her. In re NYSE Specialists Securities Litigation, 503 F.3d 89, 95 (2d Cir. 2007). "A plaintiff must demonstrate 'reasonably founded hope that the discovery process will reveal relevant evidence to support the claim.'" Ruggles v. Wellpoint, Inc., 253 F.R.D. 61, 65, 2008 WL 4346812, *2 (N.D.N.Y. Sept. 24, 2008) (Kahn, J.) (quoting Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1969 n.4 (2007). However, the court "need not accord '[l]egal conclusions, deductions or opinions couched in factual allegations'" this same presumption of truth. In re NYSE Specialists Securities Litigation, 503 F.3d at 95 (quoting United States v. Bonanno Organized Crime Family of La Cosa Nostra, 879 F.2d 20, 27 (2d Cir. 1989)). Therefore, the facts upon which the court relies are those alleged in Plaintiff's Amended Complaint (Dkt. No. 20) as outlined in Section I, *supra*.

**III.    DISCUSSION**

Section 1983 of Title 42 of the U.S. Code provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected . . . [any] person within the jurisdiction [of the U.S.] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights[;]' [i]t merely provides 'a method for vindicating federal rights elsewhere conferred . . . .'" Patterson v. County of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).

In order to prevail on a claim under section 1983, a plaintiff "must allege (1) 'that some

4

person has deprived him of a federal right,' and (2) 'that the person who has deprived [the plaintiff] of that right acted under color of state . . . law.'" Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980)).  As an initial matter, Plaintiff has plainly cleared this hurdle.  Amaker alleges that the Defendants have deprived her of her due process rights granted by the Fourteenth Amendment by arresting and prosecuting her "with malice and reckless indifference," and without probable cause.  See Am. Compl. ¶¶ 30-41.  Plaintiff further alleges that these deprivations were carried out by Defendants who were acting under color of state law as District Attorney and Assistant District Attorney.  Id. at ¶ 36.  Nonetheless, Plaintiff's claims against D.A. Wylie, A.D.A. Blatchley and Clinton County are subject to dismissal, for the reasons described below.

**A.     Plaintiff's "Official Capacity" Claims against D.A. Wylie and A.D.A. Blatchley**

The claims lodged by the Plaintiff against D.A. Wylie and A.D.A. Blatchley in their official capacities must be dismissed as a matter of law.  Such claims are barred by the Eleventh Amendment of the United States Constitution.  The Eleventh Amendment bars suits brought by private parties seeking damages in federal court against a state or agency thereof unless there is a waiver of this immunity or the state consents to suit.  See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).  While prosecuting criminal matters, a district attorney in the state of New York is "acting in a quasi-judicial capacity, [and thus] represents the State[,] not the county."  Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988).  To the extent that state officials are sued in their official capacity, "the suit is deemed to be a suit against the state," and the officials may "invoke the Eleventh Amendment immunity belonging to the state."  Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993).  Thus, D.A. Wylie and A.D.A. Blatchley may invoke Eleventh

Amendment immunity insofar at the Plaintiff brings claims against them in their official capacities.

Furthermore, Plaintiff alleges municipal liability on the part of Clinton County, discussed *infra*. It is well settled that official capacity claims are duplicative of claims of municipal liability, as official capacity claims "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)); see Tsotesi v. Bd. of Educ., 258 F. Supp. 2d 336, 338 n.10 (S.D.N.Y. 2003) (dismissing official capacity claims against officials where plaintiff also alleged municipal liability).  Thus, the Court dismisses the claims against D.A. Wylie and A.D.A. Blatchley insofar as they allege conduct undertaken in those Defendants' official capacities, leaving claims against each in their individual capacities for further discussion.

**B.      Plaintiff's "Individual Capacity" Claims against D.A. Wylie and A.D.A. Blatchley**

False arrest and malicious prosecution claims brought pursuant to section 1983 to vindicate Fourth and Fourteenth Amendment rights to freedom from unreasonable seizures "are 'substantially the same' as claims for false arrest or malicious prosecution under state law.'" Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (false arrest), and citing Conway v. Vill. of Mount Kisco, 750 F.2d 205, 214 (2d Cir. 1984) (malicious prosecution)).

Under New York law, a plaintiff stating a claim for malicious prosecution must prove "'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" Jocks, 316 F.3d at 136 (quoting Murphy v.

6

Lynn, 118 F.3d 938, 947 (2d Cir. 1997)). In the present case, Plaintiff's complaint alleges facts sufficient to state a malicious prosecution claim and its component elements. Amaker was charged with Promoting Prison Contraband in the Second Degree, and subsequently was subject to a jury trial on April 18, 2007, in which the jury returned a verdict in her favor. See Am. Compl. ¶¶ 15, 28. She alleges that the prosecutors lacked probable cause, and pursued the charges to trial with "extreme malice and reckless indifference" to her rights. Id. ¶¶ 41-42. Specifically, Amaker contends that her arrest and subsequent criminal prosecution were carried out with an intent to "send a message" to her son, an "outspoken inmate" who frequently made complaints against corrections officers, and to deprive the Plaintiff from seeing her son. Id. ¶¶ 14-15.

D.A. Wylie and A.D.A. Blatchley argue that the malicious prosecution claim against them in their individual capacities must be dismissed because their alleged actions fell within the parameters of protection granted by absolute immunity. Defs.' Mem. of Law (Dkt. No. 22, Attach. 2). A district attorney "'act[ing] within the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983.'" Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (quoting Imbler v. Pachtman, 424 U.S. 409, 410, 431 (1976)). Thus, at issue here is whether any of the conduct alleged in Plaintiff's complaint on the parts of D.A. Wylie or A.D.A. Blatchley falls outside the scope of those activities over which the protections of absolute immunity are cast.

Under Second Circuit case law, prosecutors are entitled to absolute immunity for those activities "'intimately associated with the judicial phase of the criminal process.'" Hill v. City of New York, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting Imbler, 424 U.S. at 430)). Activities falling within the ambit of this phraseology include "initiating a prosecution and presenting the case at trial

7

. . . evaluating and organizing evidence for presentation at trial or to a grand jury . . . or determining which offenses are to be charged." Hill, 45 F.3d at 661. (citations omitted). The protected category is thus a broad one, extending to "'virtually all acts, *regardless of motivation*, associated with [the prosecutor's] function as an advocate'" for the state. Id. (quoting Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (emphasis added)).

Plaintiff has explicitly alleged several specific actions on the part of the district attorneys (although not always clearly stating which actions are attributable to which attorney). Accepting these allegations as true, the court must decide whether those actions fall within the functions protected by absolute immunity. First, as stated, D.A. Wylie elected to prosecute the charge against Amaker. See Am. Compl. ¶ 15. Second, the district attorney's office decided to elevate the charge against Amaker to Promoting Prison Contraband in the First Degree (N.Y. Penal Law § 205.25), although no new facts had come to light in the interim. Id. ¶ 24. Third, D.A. Wylie reduced the charge against Amaker to the Second Degree, as she had been initially charged. Id. ¶ 25. Fourth, Amaker's counsel requested that Defendants "dismiss the criminal complaint 'in the interest of justice,'" which the Defendants declined to do. Id. ¶ 26. Plaintiff alleges in general that the district attorneys were acting as "agents, servants and employees" of Clinton County and that they decided to prosecute Plaintiff based upon "false and malicious reasons." Id. ¶¶ 9, 22.

These alleged actions undertaken by the district attorneys–the decision to prosecute, the selection of the charge, and the decision to not dismiss the charge–clearly fall within the scope of activities deemed to be closely related to the judicial phase of the criminal legal process and are thus protected under the doctrine of absolute immunity. As noted above, the motivation behind the Defendants' actions is not of importance, so long as they were acting within their role as advocates

8

for the state pursuing the judicial phase of a criminal case. See Hill, 45 F.3d at 661 (quoting Dory, 25 F.3d at 83)). Further, Plaintiff has failed to allege with any degree of specificity or clarity any actions on the part of either of the district attorneys that would be left unprotected by this immunity defense.

There is no doubt as to the immunity shielding these activities so closely associated with the prosecutorial function, unless the prosecutor is acting in "'the clear absence of all jurisdiction[.]'" Shmueli, 424 F.3d at 237 (quoting Barr v. Abrams, 810 F.2d 358, 361 (2d Cir. 1987)). If it is determined that the prosecutor is proceeding without "'any colorable claim of authority'" to legitimize his actions, the cloak of absolute immunity is lost. Shmueli, 424 F.3d at 237 (quoting Barr, 810 F.2d at 361). To determine whether a prosecutor was acting within his scope of jurisdiction during a given prosecution, courts examine whether the relevant statutory authority allows the prosecutor to bring the charges in question. Shmueli, 424 F.3d at 237.

These principles clearly apply to cases where a prosecutor is faced with civil claims of malicious prosecution. See id. at 238-39 (holding that where plaintiff alleged malicious prosecution on the part of assistant district attorneys, those attorneys had jurisdiction under the relevant New York Penal Law and Criminal Procedure Law sections to bring aggravated harassment charges against plaintiff). In this case, pursuant to New York County Law § 700(1) as it existed at the time of Amaker's prosecution (and as it holds today), it is the responsibility of the district attorney to prosecute all crimes that are cognizable by the courts in the county where that district attorney serves. Pursuant to New York Criminal Procedure Law § 20.40(1)(a), Clinton County criminal courts have jurisdiction over any offense of which one or more elements occurred within that county. The alleged offense occurred while Plaintiff was visiting Clinton Correctional Facility

9

(located in Clinton County), and the offense itself was, and is, prohibited by New York Penal Law § 205.20.  Therefore, there is no question that the Clinton County District Attorney's office, and the district attorneys thereof, had jurisdiction to bring those charges against Amaker and thus were protected with regards to their prosecutorial functions by principles of absolute immunity.  Thus, Plaintiff's claims alleging malicious prosecution on the part of D.A. Wylie and A.D.A. Blatchley in their individual capacities must fail as a matter of law.

Amaker also brings claims under section 1983 for false arrest/ false imprisonment.  See Am. Compl. ¶ 4.  False arrest has been described as a subspecies of false imprisonment.  See, e.g., Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter.").  Plaintiff's complaint (read liberally) alleges that D.A. Wylie and A.D.A. Blatchley were involved in the decision to arrest Plaintiff again on August 8, 2006.  See Am. Compl. ¶ 24.  However, prosecutors are also entitled to absolute immunity when confronted with claims of false arrest or false imprisonment.  See Palmer v. Monroe County Deputy Sheriff, 2004 WL 941784 at *8 (W.D.N.Y. April 29, 2004); Arzeno v. Mack, 39 A.D.3d 341, 342, 833 N.Y.S.2d 480, 482 (1st Dep't 2007).  Thus, all claims against D.A. Wylie and A.D.A. Blatchley in their individual capacities must be dismissed.

**C.     Plaintiff's Municipal Liability Claim**

With regards to Plaintiff's municipal liability claim against Clinton County, "a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  Monell, 436 U.S. 658, 691 (1978).  A municipal entity may only be held liable if the violating conduct alleged in the claim "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by

10

[the municipality's] officers[,] . . . [or] governmental 'custom' even though such a custom has not received formal approval through . . . official decisionmaking channels." Id. at 690.

To recover under this theory, Plaintiff must pass a two-pronged test. First, she must "prove the existence of a municipal policy or custom" under which the alleged injuries occurred, and second, she must demonstrate a causal connection linking that policy and the alleged civil rights violation. Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985).

Plaintiff's allegations with regards to her municipal liability claim are conclusory. Amaker's complaint states that the Defendants "engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority," that those "foregoing customs, policies, [or] usages . . . constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff," and that these customs or policies were the cause of the alleged constitutional violations. See Am. Compl. ¶¶ 44-46. As discussed above, Plaintiff has not successfully alleged a cognizable claim against either of the other two moving parties, D.A. Wylie and A.D.A. Blatchley. As there are no actions on their part which violated the Plaintiff's constitutional rights, the Plaintiff cannot show that any alleged policy of the County contributed to a violation of her rights. Thus, the claim against the County must be dismissed. See Escalera v. Lunn, 361 F.3d 737, 749 (2d Cir. 2004) (granting summary judgment to county defendant where claims against individual defendants had been barred by qualified immunity).[4]

## IV.    CONCLUSION

Based on the foregoing discussion, it is hereby

---

[4] The two non-moving Defendants, David Hardin and Randall Cumm, are employed by the State of New York, not Clinton County; thus, Clinton County could not face municipal liablity for any of their actions.

**ORDERED**, that Defendants Andrew J. Wylie, Timothy G. Blatchley, and Clinton County's Motion to dismiss (Dkt. No. 22) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED: December 08, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge