UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GRACE AMAKER,

                              Plaintiff,

          v.                                                    8:08-CV-0058 (LEK/DRH)

DAVID HARDIN, RANDALL J. CUMM,
ANDREW J. WYLIE, and TIMOTHY G.
BLATCHLEY, in their individual and official
capacities,

                              Defendants.

_____

### MEMORANDUM-DECISION AND ORDER

          Plaintiff Grace Amaker ("Amaker") filed the instant First Amended Verified Complaint

(Dkt. No. 20) seeking damages to redress the deprivation of her federal civil rights under the Fourth

and Fourteenth Amendments to the United States Constitution.  Plaintiff brings this suit pursuant to

42 U.S.C. § 1983, alleging that Defendants David Hardin ("Hardin"), Randall J. Cumm ("Cumm"),

Andrew J. Wylie ("Wylie"), Timothy G. Blatchley, and Clinton County (collectively, "Defendants")

violated her federal civil rights by falsely arresting and maliciously prosecuting her for a crime of

which she was innocent.[1]  Presently before the Court is Defendants' Motion for summary judgment.

Dkt. No. 27.

**I.      BACKGROUND**

          On April 16, 2006, Plaintiff and her adult daughter went to visit Plaintiff's son, Anthony

_____

          [1] Plaintiff's First Verified Complaint listed the State of New York Department of
Correctional Services and the State of New York as Defendants.  Dkt. No. 1.  On March 10, 2009,
by  Stipulation and Order the action was discontinued as to these parties.  Stipulation and Order
(Dkt. No. 15).

Amaker, an inmate then residing in Clinton Correctional Facility ("Clinton") in Dannemora, New

York.  First Am. Compl. at ¶¶ 11-13.  Upon arrival at Clinton, Plaintiff and her daughter were

subjected to an entrance procedure in which Plaintiff's personal effects were searched.  Def. Hardin

Dep. (Dkt. No. 27-6) ("Hardin Dep.") at 9-10.  Defendant Hardin, a correctional officer conducting

the search, allegedly discovered a small key inside Plaintiff's purse and identified it as a handcuff

key.  Id. at 14.  Hardin called his supervisor and watch commander to have them determine whether

the item constituted contraband.  Mem. of Law in Support of Defs Hardin and Cumm's Motion for

Summ. J. (Dkt. No. 27-2) ("Def's. Mem") at 1-2.  The sergeant, watch commander, and officer of

the day determined the item was contraband, and they called the New York State Police to arrest

Plaintiff.  Id.

     Plaintiff denies that she was ever in possession of they key, claiming Defendant Hardin must

have planted it on her in order to obstruct her visiting her son.  Pl. Amaker Depo. (Dkt. No 27-5)

("Amaker Depo") at 18, 51.  Amaker had never met Defendant Hardin before this incident.  Id. at

14.  However, she attributes Hardin's actions to malicious retaliation for her writing government

officials after her son was allegedly beat up by correction officers in 1995.  Id. at 47.  She further

alleges that the actions were meant to send a message to her son in retaliation for his having filed

lawsuits against correctional staff.  First Am. Compl. at ¶14.

     Plaintiff was arrested by the State Police and transported to the county jail for processing.

Def's. Mem. at 2.  Plaintiff's daughter was not similarly detained.  Id. at 10.  Plaintiff was arraigned,

and remanded to the county jail until bail was posted for her the next morning.  Id. at 2.

     Plaintiff was subsequently charged with Promotion of Prison Contraband in the second

degree.  Id.  On August 8, 2006, she appeared in court in order to enter a formal plea of "Not

Guilty." Amaker Dep. at 40.   She was rearrested that day on the higher charge of Promotion of

Prison Contraband in the first degree, a felony.  First Am. Compl. ¶ 24 .  The decision to arrest on

the higher charge was made by Assistant District Attorney ("A.D.A.") Blatchley upon his receiving

reports and recommendations assembled by Defendant Cumm, an investigator for the state of New

York.  Def. Cumm Dep. (Dkt. No. 27-7) ("Cumm Dep.") at 18-22.  During his assembling of the

reports given to A.D.A. Blatchley, Defendant Cumm reviewed state trooper reports, examined the

contraband Plaintiff allegedly possessed, and researched Plaintiff's son's history with the

Department of Correctional Services ("DOCS").  Id. at 18-21.  On September 14, 2006, allegedly in

response to Plaintiff's refusal to accept a plea offer, the charged was reduced to the original second

degree offense.  First Am. Compl. ¶ 25.  Plaintiff's counsel requested Defendants Wylie, and

Blatchley dismiss the criminal charge, which they refused to do.  Id. ¶ 26-27.

At trial, on April 18, 2007, over testimony by Defendants Hardin and Cumm, a jury found

Plaintiff not guilty.  Def's Mem. at 3.  On January 16, 2008, Plaintiff filed the instant suit alleging

violations of her federal civil rights.  Verified Compl. (Dkt. No. 1).  Defendants now move for

summary judgment as to all claims.  Def's Mem.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); Beard v. Banks, 548 U.S.

521, 529 (2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  A court must "'resolve

all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party

opposing the judgment.'"  Brown v. Henderson, 257 F.2d 246, 251 (2d Cir. 2001) (quoting Cifra v. General Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

If the moving party meets its initial burden of demonstrating that no genuine issue of material fact exists for trial, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986) (citations omitted).  The nonmovant "must come forth with evidence sufficient to allow a reasonable jury to find in her favor."  Brown, 257 F.3d at 251 (citation omitted).  The nonmoving party "may not rely merely on allegations or denials in its own pleadings" and bald assertions unsupported by evidence are insufficient to overcome a motion for summary judgment. FED. R. CIV. P. 56(e)(2); see Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991); Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990).

## III.   DISCUSSION

Plaintiff's First Amended Complaint contains three claims for relief against Defendants, (1) false arrest/false imprisonment; (2) malicious prosecution; and (3) municipal liability.

### a.   False Arrest/False Imprisonment

Plaintiff Amaker alleges that Defendants violated her right to be free from false arrest.  First Am. Compl. at ¶¶ 37-39.  The Court understands her claims to be based on separate incidents, wherein Defendant Hardin would be liable for the arrest occurring on April 16, 2006, and Defendants Cumm, Blatchley, and Wylie would be liable for the arrest occurring on August 8, 2006.

A plaintiff may bring an action for false arrest under state tort law or pursuant to 42 U.S.C.

4

§1983 based on unreasonable seizure in violation of the Fourth Amendment.  The elements of the state and federal claims are substantially the same. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003).  Under New York law, the elements of a false imprisonment or false arrest claim are: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

The existence of probable cause is a complete defense to an action for false arrest. Id. Whether probable cause existed is an objective inquiry that "depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford, 543 U.S. 146, 153 (2004).  Probable cause exists "when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Calamia v. City of New York, 879 F.2d 1025, 1032 (2d. Cir. 1989).  The probable cause inquiry is an objective one in which the court does not consider the subjective thoughts of arresting officers. Devenpeck, 543 U.S. at 594.  Moreover, "a claim for false arrest turns only on whether probable cause existed to arrest a defendant . . . it is not relevant whether probable cause existed with respect to each individual charge . . . . [The] focus [is] on the validity of the *arrest,* and not on the validity of each charge." Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) (emphasis in original).

**(i)      Plaintiff's Arrest at Clinton Correctional Facility**

Plaintiff alleges Defendant Hardin falsely arrested her during her April 16, 2006 visit to Clinton.  First Am. Compl ¶¶ 37-39.  The only issue in dispute as to whether Amaker's detention

constitutes false arrest is the existence of the fourth element, privilege or probable cause.

Defendants contend that the key Hardin allegedly discovered during his search of Amaker's personal effects provided him with probable cause to arrest. Def's. Mem at 14. Defendants note that contrary to Plaintiff's contention that she never carried such a key, Plaintiff's daughter initially believed that her grandchildren may have placed it there. Id. at 6. Defendants emphasize Hardin's supervisors viewed the key as well and made the decision that it constituted contraband. Id. at 5. Finally, Defendants note that Plaintiff's daughter was not similarly detained, claiming this demonstrates that Hardin had no intention to prevent a visit with Plaintiff's son. Id. at 6-7.

The Court finds that a material factual dispute exists as to whether Plaintiff brought contraband into the prison. Plaintiff denies she possessed the contraband. The fact that her daughter may have believed it possible that that the key may have been placed in Plaintiff's by her grandchildren is not sufficient, either alone or in conjunction with other facts, to eliminate the factual dispute. Nor does Defendants' suggestion that Hardin had no reason to plant the key since he had never met Plaintiff provide a basis for this Court to decide as a matter of law that probable cause existed. Similarly, that Hardin's superiors viewed a key does not dispose of the question of whether Plaintiff ever possessed it. Finally, the fact that Plaintiff's daughter was not similarly detained is not dispositive as to whether probable cause existed for Plaintiff's detention. Because disputed issues of material fact remain, summary judgment in favor of Defendant Hardin on the claim of false arrest is inappropriate.

**(ii)     Plaintiff's August 8, 2006 Arrest**

Plaintiff claims Defendants Cumm, Blatchley, and Wylie are also liable for false arrest. First Am. Compl. ¶¶37-39. Assuming that Plaintiff's August 8, 2006 arrest is the basis of this claim,

Defendant Cumm arrested Plaintiff on the charge of Promoting Prison Contraband in the first degree. Def's. Mem. at 3. This action was taken at the direction of A.D.A. Blatchley after his consideration of the reports and statements Cumm provided. Cumm Dep. at 18, 22. Plaintiff suggests that this second arrest was made in retaliation for her intention to plead "Not Guilty" to the initial second degree offense. Amaker Dep. at 42. Plaintiff was never charged with this first degree offense as it was reduced to a second degree charge prior to trial. First Am. Compl. ¶ 25.

Defendant Cumm had no interaction with Plaintiff's case during or prior to her arrest on April 16, 2006. Amaker Dep. at 48. To the degree he participated in Plaintiff's August 8, 2006 arrest, he apparently did so at the direction of A.D.A. Blatchley. The basis for the arrest was Plaintiff's alleged attempt to bring contraband into the Clinton facility. Information documenting that incident and the contraband allegedly found on Plaintiff was supplied to Cumm by state troopers. Cumm Depo at 18, 22-23.

Probable cause to arrest "exists even where it is based upon mistaken information, so long as the arresting officer was reasonable in relying on that information." Bernard 25 F.3d at 103. Defendant Cumm could properly rely upon information supplied by the police following their arrest of Plaintiff at Clinton. Id. This is so even though that arrest occurred for a lesser charge. Jaegly, 439 F.3d at 154. Additionally, the decision to arrest was made by A.D.A. Blatchley. Plaintiff has failed to present a triable issue of fact supporting her claim of false arrest against Defendant Cumm. He is, therefore, entitled to summary judgment in his favor on this charge.

Plaintiff has similarly failed to raise any issue of material fact with regard to Defendants Blatchley and Wylie. The Court grants summary judgment in their favor on the claim of false arrest.

**b.    Malicious Prosecution**

7

As with false arrest, a claim of malicious prosecution may be brought under state tort law or pursuant to 42 U.S.C. § 1983. Savino, 331 F.3d at 72. Where a plaintiff brings the action pursuant to § 1983, state tort law provides the underlying elements. See Cook v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994). To establish a *prima facie* case of malicious prosecution under New York law, a plaintiff must show: (1) that a proceeding was initiated against her; (2) that the proceeding terminated in her favor; (3) probable cause was lacking; and (4) malice. See id.; Colon v. City of New York, 60 N.Y.2d 78, 82 (N.Y. 1983). Probable cause in a malicious prosecution claim requires "the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of." Rounseville v. Sahl, 13 F.3d 625, 629 (2d Cir. 1994) (quoting Pandolfo v. UA. Cable Systems of Watertown, 568 N.Y.S.2d 981, 982 (4th Dept 1991). In considering whether probable cause exists, "only those facts available at the time of the initiation of the prosecution are considered." Phillips v. DeAngelis, 571 F. Supp. 2d 347, 354 (N.D.N.Y. 2008). The fourth element, malice, "does not require a plaintiff to prove that the defendant was motivated by spite or hatred, . . . [r]ather, it means that the defendant must have commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." Rounseville, 13 F.3d at 630 (quoting Nardelli v. Stamberg, 44 N.Y.2d 500, 502-03 (N.Y. 1978). Because of the difficulty in proving malice directly, courts have held that it "may be inferred from a finding that defendants lacked probable cause to initiate criminal proceedings." Id.

Defendants claim that the independent action by the District Attorney's Office breaks the causal link between Defendant Hardin and Cumm's actions and the prosecution of Plaintiff. Def's. Mem. at 9. While the exercise of independent judgment by the District Attorney's Office in

initiating criminal prosecutions is relevant, it is not definitive.  See White v. Frank, 855 F.2d 956,

962 (2d Cir. 1988).  At trial, Defendants Hardin and Cumm testified against Plaintiff.  Def's. Mem.

at 3.  If, as Plaintiff alleges, their testimony was false, Hardin and Cumm could still be liable despite

the role of the public prosecutor.  White, 855 F.2d at 962.

The second element of a malicious prosecution claim, that the proceeding against plaintiff be

terminated in her favor, is not in dispute.  The third element requires probable cause to be lacking.

For the reasons discussed above, the Court cannot conclude, as a matter of law, that probable cause

existed for Defendant Hardin's prosecution of Amaker.

Plaintiff suggests that Defendant Cumm was acting in retaliation for her son's filing of

lawsuits against correctional staff when he recommended a higher charge.  As noted above, the

Court considers only objective factors concerning the arrest in evaluating whether probable cause

existed.  Because Defendant Cumm had information and physical evidence provided by the police

attesting to Plaintiff's possession of contraband, probable cause did exist for his actions.  Plaintiff

has failed to raise an issue of material fact on this issue, and summary judgment in favor of

Defendant Cumm is appropriate.

Plaintiff asserts Defendants Hardin acted with malice based on her inmate son's past

prosecution of corrections personnel and her contacting government officials on her son's behalf.

First Am. Compl.¶14; Amaker Dep. at 47.  Typically, where a plaintiff seeks to prove malice

through circumstantial evidence, there should be a "history of friction between the defendants and

the [plaintiff] prior to the initiation of the criminal proceedings."  Rounseville, 13 F.3d at 631.

Where no such history exists and direct evidence is absent, the malice inquiry may be informed by

the probable cause inquiry; where probable cause is particularly lacking, a fact finder might

reasonably conclude that the proceeding was the result of malicious intent.  See Martin v. City of

Albany, 42 N.Y.2d 13 (N.Y. 1977) ("a jury may, but is not required to, infer the existence of actual

malice from the fact that there was no probable cause to initiate the proceeding").  However, "only

where probable cause to initiate a proceeding is 'so totally lacking' may malice reasonably be

inferred."  Angel v. Kasson, 581 F. Supp. 170, 177 (N.D.N.Y. 1983) (quoting Martin, 42 N.Y.2d at

17); Frederick v. Holtzman, 1989 WL 105983 at *4 (E.D.N.Y. Sept. 11, 1989).

Defendant Hardin shared no history of friction with Plaintiff prior to the incidents sparking

the instant suit.  Amaker Dep. at 46, 48; Hardin Dep. at 10.  Plaintiff, nevertheless, suggests that the

attenuated relationship between the Defendant and corrections personnel sued by her son in separate

litigation provided the motive for Defendant's actions.  First Am. Compl. ¶14.  Plaintiff also cites

the lack of probable cause in the criminal case against her as evidence of malice. First Am Compl.

¶¶ 41-42.  Hardin denies having any knowledge of Plaintiff's son at the time of the April 16, 2006

arrest.  Hardin Dep. at 10.

The Court has found that issues of triable fact remain as to whether probable cause existed in

regard to the claims against Defendant Hardin.  Therefore, viewing the facts in the light most

favorable to Plaintiff, the Court cannot assume probable cause existed.  Where probable cause to

initiate a proceeding does not exist, "a jury may, but is not required to, infer the existence of actual

malice." Martin, 42 N.Y.2d at 17; see also Angel, 581 F. Supp. at 177.  Disputed issues of material

fact exist that would allow a reasonable jury to conclude that Defendant Hardin was improperly

acting in response to Plaintiff's son's lawsuits against corrections personnel.  Similarly, because a

reasonable jury could conclude that Defendant Hardin did not have probable cause to initiate a

proceeding against Amaker, and could further conclude from the absence of probable cause that

10

Hardin acted with malice in bringing such prosecution, triable issues of fact remain as to this prong of Amaker's claim.  Summary judgment in favor of Defendant Hardin with regard to the malicious prosecution claim is, therefore, inappropriate.

Plaintiff has not produced any direct evidence of malice on the part of Defendants Wylie and Blatchley.  Plaintiff appears to rest her claim on the fact that these Defendants refused her counsel's request that the criminal charge against her be dropped.  That allegation, standing alone, fails to provide an issue of material fact as to whether probable cause was so totally lacking as to allow a jury to infer malice.  The Court thus grants summary judgment in favor of Defendants Wylie and Blatchley with regard to Plaintiff's malicious prosecution claim.

### c.      Qualified Immunity Defense

Defendants raise the doctrine of qualified immunity as an affirmative defense.  Def's. Mem. at 11.  Given the findings above, the immunity defense raised by Defendants Cumm, Blatchley, and Wylie are moot.  The Court will address the defense only as it relates to Defendant Hardin.

The doctrine of qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted).  When analyzing whether a defendant is entitled to qualified immunity, a court must first determine whether, based upon the facts alleged, the plaintiff has facially established a constitutional violation.  Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 211 (2d Cir. 2003).  If so, the court must then determine whether the right in issue was clearly established at the time of the alleged violation.  Id. (citing Saucier v. Katz, 533 U.S. 194, 201-02

(2001), overruled on other grounds by <u>Pearson v. Callahan</u>, 129 S.Ct. 808 (2009)); <u>Poe v. Leonard</u>, 282 F.3d 123, 133 (2d Cir. 2002).  Finally, if the plaintiff had a clearly established, constitutionally protected right that was violated, he or she must demonstrate that it was not objectively reasonable for the defendant to believe that his action did not violate such law.  <u>Harhay</u>, 323 F.3d at 211; <u>Poe</u>, 282 F.3d at 133 (quoting <u>Tierney v. Davidson</u>, 133 F.3d 189, 196 (2d Cir.1998)).

Here, Plaintiff has facially established a deprivation of her right to liberty as guaranteed by the due process clause of the Fourth and Fourteenth Amendments - specifically, the right to be free from false arrest and malicious prosecution.  See Bernard v. United States, 25 F.3d 98 (2d Cir. 1994)**;** Cook v. Sheldon, 41 F.3d 73 (2d Cir. 1994)**.** Thus, the Court must determine whether that right was clearly established at the time of the alleged violation.  If not, Defendant Hardin is entitled to qualified immunity.

For qualified immunity purposes, "[a] right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) 'a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful.'"  Anderson v. Recore, 317 F.3d 194, 197 (2d Cir 2003) (quoting Young v. County of Fulton, 160 F.3d 899, 903 (2d. Cir. 1998)).  Whether or not a right was clearly established at the time of the government official's conduct is a question of law.  Kerman v. City of New York, 374 F.3d 93, 108 (2d Cir. 2004) (citations omitted).  The law is settled that the right to be free from unlawful arrest and the right to be free from malicious prosecution are both clearly established. Lennon v. Miller, 66 F.3d 416, 423 (2d Cir. 1995); Soares v. State of Connecticut, 8 F.3d 917, 920 (2d Cir. 1993); Cipolla v. County of Rensselaer, 129 F. Supp. 2d 436, 456 (N.D.N.Y. 2001).

12

.

In an unlawful arrest action, an officer is immune if he has "'arguable' probable cause." Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1997). An officer is subject to suit only if his "judgment was so flawed that no reasonable officer would have made a similar choice." Lennon v. Miller, 66 F.3d 416, 425 (2d Cir. 1995). The standard is a forgiving one and is meant to shield "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

Hardin is entitled, as a matter of law, to qualified immunity if the evidence, viewed in the light most favorable to Amaker, establishes that it was objectively reasonable for him to believe he was justified in making the arrests and initiating prosecution against Amaker. This standard is not met on the false arrest claim against Hardin at this juncture. Viewing the facts in the light most favorable to Plaintiff, and for the reasons set forth above, a jury could reasonably conclude that: (i) Hardin did not find the handcuff key in Amaker's personal effects, and (ii) his testimony to the contrary was a pretext to cover up an unjustified act of abuse of power.

Similarly, regarding the malicious prosecution charge, Hardin is immune if he reasonably believed his conduct did not violate plaintiff's clearly established rights. Cipolla, 129 F. Supp. 2d at 456. The inquiry becomes whether, when taking all inferences in Plaintiff's favor, it was objectively reasonable for him to believe that falsely claiming to have found contraband on Plaintiff's person and presenting perjured testimony in order to secure a criminal indictment did not violate Plaintiffs' clearly established rights. Because such a belief is clearly not reasonable, the Court finds Defendant Hardin is not entitled to qualified immunity as a matter of law.

### d. Municipal Liability

13

Plaintiff fourth cause of action seeks damages under a claim of municipal liability.  First Am. Compl. ¶¶ 43-48.  Plaintiff supports her claim by noting that Defendants were acting under color of state law and in a manner constituting "customs, policies, usages, practices, procedures and rules of the State of New York."  Id. ¶ 46.

Plaintiff's claims of municipal liability against Defendant Clinton County would be viable if the County is, in fact, a municpality of the State of New York and implicated by the other Defendants' conduct.  Monell v. Dept. Soc. Services, 436 U.S. 658, 690 n. 55 (1978).  Plaintiff bases her claim on the individual Defendants' actions being conducted in their official capacities.  To find the individual Defendants liable in their official capacity and thus establish municipal liability, Plaintiff must alleged facts sufficient for a jury to conclude either that individual Defendants engaged in unconstitutional conduct and that conduct executes or follows a municipal policy or custom, or that the official had final decision-making authority.  Anthony v. City of New York, 339 F.3d 129, 139 (2d Cir. 2003); Hawkins v. County of Oneida, New York, 497 F. Supp. 2d 362, 377 (N.D.N.Y. 2007).  Plaintiff need not identify any express rule announcing such a policy; it is sufficient to show the complained of practice is "so persistent or widespread as to constitute a custom."  Patterson v. County of Oneida, New York, 375 F.3d 206, 226 (2d Cir. 2004).  Where a municipality's failure to train its employees displays indifference to the constitutional rights of those within its jurisdiction, a policy may be inferred.  Id.

Plaintiff does not assert that Defendant Hardin or Cumm has final decision-making authority.  Plaintiff has not produced evidence outside the specific allegations against the individual Defendants of a municipal policy executed or followed by those Defendants.  Plaintiff has also not

14

provided any support for the proposition that the conduct complained of is "persistent or widespread."  Id.  Summary judgment on the issue of municipal liability is, therefore, appropriate.

**IV.      CONCLUSION**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 27) is **DENIED** as to the claim of false arrest with regard to Defendant Hardin, and **GRANTED** with regard to Defendants Cumm, Blatchley, and Wylie; and it is further

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 27) is **DENIED** as to the claim of malicious prosecution with regard to Defendant Hardin, and **GRANTED** as to the claim with regard to Defendants Cumm, Blatchley, and Wylie; and it is further

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 27) is **GRANTED** as to the claim of municipal liability; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:       January 26, 2010
             Albany, New York

Lawrence E. Kahn
U.S. District Judge

15